

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE – NORTHERN DIVISION

FILED
DEC 04 2009
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

DONNIE COLLINS, )
on behalf of himself and all others )
similarly situated )
       Plaintiff, )
)
v. )
)
GUITAR CENTER, INC.; and )
NATIONAL ASSOCIATION OF )
MUSIC MERCHANTS, INC.; )
       Defendant. )

Case No. 3:09-CV-531
Jordan/Shirley
(Tennessee Chancery Case No. 176237-1)
Date Complaint Filed: October 13, 2009

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, as amended by the Class Action Fairness Act of 2005 ("CAFA" or the "Act"), Defendant Guitar Center, Inc. ("Guitar Center") hereby removes to this Court the state court action described in Paragraph 1 below. The grounds for removal are as follows:

**I.    NATURE OF THE ACTION**

1.    The removed action is a putative civil class action lawsuit that Plaintiff Donnie Collins ("Collins" or "Plaintiff") filed on October 13, 2009, in the Chancery Court for Knox County, Tennessee, against Guitar Center and Defendant National Association of Music Merchants, Inc. ("NAMM"). The action is pending in the Chancery Court for Knox County, Tennessee, and is captioned *Donnie Collins v. Guitar Center, Inc., et al.*, Case No. 176237-1.

LA\2040231.6

2. As required by 28 U.S.C. § 1446(a), Exhibit A contains true and correct copies of the Complaint, and all process, pleadings, orders, and other papers on file in the removed action. Plaintiff served Guitar Center with the removed action on or about November 7, 2009.

3. The Complaint alleges that Collins purchased an electric guitar from Guitar Center. (Complaint, ¶ 1.) The Complaint further alleges that Guitar Center, NAMM, and others purportedly conspired "to implement and enforce illegal pricing policies" that "had the purpose and effect of restricting and/or eliminating price competition (specifically price discounting) ...." (Complaint, ¶ 4.) Collins claims that absent the alleged unlawful conduct, he and other putative class members would have paid lower prices for "fretted musical instrument products, such as acoustic and electric guitars, violins, amplifiers, and string ('Fretted Instrument Products') ...." (Complaint, ¶¶ 1, 12.)

4. The Complaint contains two causes of action. Collins asserts that defendants' alleged conduct constitutes a violation of the Tennessee Trade Practices Act, Tenn. Code Ann. §§ 47-25-101, et seq. (Complaint, ¶¶ 72-83.) Collins also asserts a claim for unjust enrichment. (Complaint, ¶¶ 84-87.)

5. Collins commenced this action as a putative class action and purports to seek certification of a class of "[a]ll persons who purchased one or more Fretted Instrument Products at physical store locations in Tennessee during the Class Period." (Complaint, ¶ 22.) The Complaint defines the "Class Period" as January 1, 2005 through December 31, 2007. (*Id.*)

6. Collins' Prayer for Relief requests, among other remedies, that the Court (1) "decree that Defendants have violated the Tennessee Trade Practices Act, T.C.A. §47-25-101, et seq., and award Plaintiffs and the Class appropriate relief, including full consideration under §47-25-106 of the Tennessee Trade Practices Act"; and, (2) "decree that Defendants have been

unjustly enriched by their wrongful conduct, and award restitution to Plaintiff and the Class." (Complaint at 24.)

7. No further proceedings have been had in the state court action.

8. No previous application has been made for removal.

## II. THIS ACTION IS REMOVABLE UNDER CAFA

9. Congress enacted CAFA to expand the scope of federal jurisdiction over class actions by allowing for removal based on minimal diversity. A stated purpose of the Act is to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Class Action Fairness Act of 2005 § 2(b)(2), Pub. L. No. 109-2, § 9, 119 Stat. 4, 14.

10. Under CAFA, a class action may be removed to federal court pursuant to 28 U.S.C. § 1453 when the federal court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). Section 1332(d)(2) provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

11. The removed action satisfies these requirements pursuant to the allegations in the Complaint because, as discussed in more detail below, the amount in controversy in this putative class action exceeds the sum or value of $5,000,000 (taking into account all potential damages and equitable relief sought for all of the putative class members' claims in the aggregate, exclusive of interest and costs), and there is "minimum diversity," *i.e.*, the citizenship of "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

## A. Parties and Diversity

12. The only plaintiff in this action, Donnie Collins, alleges that he is a resident of the Commonwealth of Kentucky. (Complaint, ¶ 13.) Collins has not alleged that he is a citizen of any state. The Complaint alleges that defendant Guitar Center is a Delaware corporation, with its principal place of business in the State of California. (Complaint, ¶ 15.) Collins alleges that defendant NAMM is a New York corporation, with its principal place of business in the State of California. (Complaint, ¶ 14.)

13. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Guitar Center is a citizen of Delaware and California, and NAMM is a citizen of New York and California, for purposes of determining whether the federal court has original jurisdiction pursuant to 28 U.S.C. § 1332(d).

14. Collins does not allege that he is a citizen of California, Delaware, or New York. Therefore, the Complaint satisfies CAFA's minimum diversity requirement because Collins is a citizen of a different state than the states of which Guitar Center and NAMM are citizens. *See* 28 U.S.C. § 1332(d)(2)(A).

### B. The Amount in Controversy

15. Under CAFA, "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

16. Collins avers that he and members of the proposed class disclaim damages in excess of $74,999, and disclaim "aggregate class-wide claims for relief" in excess of $4,999,999. (Complaint, ¶19.) However, a disclaimer in the complaint does not preclude a defendant from removing the matter to federal court when the potential damages exceed the jurisdictional threshold. *Proffitt v. Abbott Labs.*, 2008 U.S. Dist. LEXIS 72467, *5 (E.D. Tenn. Sept. 23, 2008) (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007)).

17. Here, the factual allegations in the Complaint are inconsistent with Collins' purported attempt to disclaim aggregate damages in excess of $4,999,999. The Complaint seeks compensatory and statutory damages from January 1, 2005 to December 31, 2007, on behalf of a proposed class numbering in the "many thousands." (Complaint, ¶ 23.) However, Collins disclaims individual damages only to the extent they exceed $74,999, which means that he alleges that the potential damages for each class member could reach $74,999. Thus, by Collins' own calculation, the Complaint seeks potential damages in excess of $5,000,000 ($74,999 multiplied by at least 1,000 alleged class members exceeds $5,000,000).[1]

---

[1] Guitar Center denies that Collins or any putative class member is in fact entitled to recover anything in this case.

5

LA\2040231.6

Case 3:09-cv-00531-RLJ-CCS   Document 1   Filed 12/04/09   Page 5 of 8   PageID #: 5

18. In addition, the Complaint requests that the Court award "full consideration" damages pursuant to the Tennessee Trade Practices Act. (Complaint, ¶ 24.)[2] However, during the alleged Class Period, the members of the proposed class paid Guitar Center more than $5,000,000 for Fretted Instrument Products that they purchased at physical store locations in Tennessee. Declaration of Wesley Muddle, dated December 2, 2009, attached as Exhibit B. Guitar Center's sales of Fretted Instrument Products in Guitar Center retail stores in Tennessee during the time period January 1, 2005 through December 31, 2007, exceeds $30 million. Exhibit B, ¶6. Thus, the removed action satisfies the amount in controversy requirement under CAFA because the potential damages exceed $5,000,000, even without including the purchases of Fretted Instrument Products that the proposed class members purchased during the Class Period from retailers in Tennessee other than Guitar Center.

### III. COMPLIANCE WITH REMOVAL PROCEDURES

19. Collins filed the removed action on October 13, 2009. Guitar Center first received the Summons and Complaint, by service or otherwise, no earlier than November 7, 2009. Guitar Center filed this notice of removal within thirty (30) days following November 7, 2009, and therefore it is timely under 28 U.S.C. §1446(b).

20. Venue is proper in this Court. The United States District Court for the Eastern District of Tennessee (Northern Division) is the federal court and division thereof encompassing the place (Knox County, Tennessee) where Plaintiff's state court action is pending. Therefore, Guitar Center may remove Collins' state court action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

---

[2] Guitar Center does not concede that Tennessee law permits recovery of full consideration damages for a violation of the Tennessee Trade Practices Act.

21. As required by 28 U.S.C. § 1446(d), Guitar Center has given written notice of this notice of removal to Collins and has filed a copy of the notice with the clerk of the state court in which the removed action is pending. Exhibit C contains a copy of the Notice of Filing of Notice of Removal that Guitar Center filed in the Chancery Court for Knox County, Tennessee (including certificates of filing and service).

22. Pursuant to 28 U.S.C. § 1453(b), a class action removed to a district court of the United States "may be removed by any defendant without the consent of all defendants."

**WHEREFORE**, defendant Guitar Center hereby removes the above-captioned action from the Chancery Court for Knox County, Tennessee, and requests that further proceedings be conducted in this Court as provided by law.

DATED: December 3, 2009

Respectfully submitted,

s/ Randall D. Noel
RANDALL D. NOEL (#6405)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, TN 38110
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
E-mail: randy.noel@butlersnow.com

Attorneys for Defendant
Guitar Center, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail and United States mail, postage prepaid this 3rd day of December, 2009 to the following counsel of record :

Gordon Ball
BALL & SCOTT, A PROFESSIONAL ASSOCIATION
550 Main Avenue, Suite 750
Knoxville, Tennessee 37902
E-mail: gball@ballandscott.com

s/ Randall D. Noel

LA\2040231.6

8

Case 3:09-cv-00531-RLJ-CCS   Document 1   Filed 12/04/09   Page 8 of 8   PageID #: 8